UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2005 FEB 25  P 2: 25

U.S. DISTRICT COURT
DISTRICT OF MASS.

Brendan McGUINNESS,
  Plaintiff,
vs.

Kathleen M. DENNEHY,
Commissioner of Correction;
Lois RUSSO, Superintendent,
Souza-Baranowski Correctional
Center; David NOLAN, Sup-
erintendent, MCI-Cedar
Junction @ Walpole;
  Defendants.

CIVIL ACTION
NO. _____
05 - 10426 REK

## COMPLAINT.

PARTIES:

1.) The plaintiff, Brendan McGuinness, is a native of Quincy, Massachusetts, who is currently being held by the defendants in maximum security while awaiting trial. He can be served at:

- 1 -

- 2 -

Souza-Baranowski Correctional Center (SBCC)
P.O. Box 8000, Harvard Rd.
Shirley, MA 01464

2) Kathleen Dennehy, the defendant, is a resident of Massachusetts and a citizen of the United States. She is being sued as an individual and in her capacity as the Commissioner of Correction. She can be served at:

Department of Correction
50 Maple St.
Milford, MA 01757

3) Defendant Lois Russo is a resident of Massachusetts and a citizen of the U.S. She is being sued as an individual and in her official capacity as Superintendent of SBCC. She can be served there. (See par. 1, supra.)

4) Defendant David Nolan is a resident of Massachusetts and a citizen of the U.S. He is being sued as an individual and in his official capacity as Superintendent of MCI-Cedar Junction @ Walpole. He can be served at:

P.O. Box 100, Rte. 1A
S. Walpole, MA 02071

JURISDICTION:

5.) This Court has jurisdiction over both the subject matter of this complaint and the parties. See 42 U.S.C. § 1983. This Court may also be asked to exercise pendant state law jurisdiction.

FACTS:

6.) The foregoing is incorporated herein by reference.

7.) Plaintiff McGuinness is a pre-trial detainee who is awaiting trial in lieu of $15,000 cash bail out of Norfolk County.

8.) Pursuant to M.G.L. c. 276, § 52A, the sheriff of Norfolk County sought and received permission from the district attorney's office to have McGuinness transferred to a "correctional institution of the Commonwealth" -- this transfer occurred on September 29, 2004.

9.) On September 29, 2004, plaintiff McGuinness was taken directly to the state prison in Walpole, a.k.a. MCI-Cedar Junction.

10.) Upon arrival at Walpole, McGuinness was placed in Orientation Unit and processed in the same way as the convicted felons.

11.) In letters to one or more of the defendants, McGuinness expressed his concern with his being mingled with convicted lifers who have not a thing to lose.

12.) McGuinness also complained in letters to one or more of the defendants that, since he is not serving a sentence, his placement in maximum security violates due process concerns.

13.) On October 13, 2004, defendant Nolan had his subordinate reply to McGuinness in writing that G.L.c. 276, § 52A allows for McGuinness's retention at Walpole since he has in fact served a state sentence in the past.

14.) McGuinness responded with a letter (copies sent to defendant Dennehy) arguing that §52A, supra, cannot be construed in such a way because (i.) article 12 of the Massachusetts Declaration of rights prohibits the legislature of

-5-

      Massachusetts from enacting any law "that shall subject any person to a[n]... infamous punishment... without trial by jury"; and

(ii.) the SJC in <u>Brown</u> v. <u>Commissioner of Correction</u>, 394 Mass. 89, __ (1985) has squarely stated that confinement at Walpole <u>is</u> "infamous punishment."

15.) By these means, McGuinness placed defendants Nolan and Dennehy on legal notice that he was being held in punitive conditions prior to an adjudication of guilt.

16.) On October 18, 2004, plaintiff McGuinness was moved to SBCC in Shirley, MA.

17.) SBCC, like Walpole, is a maximum security prison. Walpole and SBCC are both Level Six on the Dept. of Correction web site.

18.) McGuinness was sent to SBCC's Special Management Unit (SMU) on 10/18/04 to "await action" while "under investigation."

19.) SMU is governed by 103 CMR 423.00 <u>et seq</u>.

– 6 –

20.) As of 2/15/05, four (4) months later, McGuinness is still being held in SBCC's SMU "under investigation".

21.) Defendant Russo has stated to McGuinness, in response to his "grievances" (i.e. his attempts to sort this out administratively), that no exceptions to SBCC or SMU procedure will be made for pre-trial detainees.

22.) The statement in par. 21, supra, concerned the plaintiff's complaints about conditions in the SMU. Specifically, defendant Russo has told McGuinness
(a.) no children may visit any SMU inmate (or detainee);
(b.) no additional library access for detainees;
(c.) phone calls (which detainees need by right to have in order to make bail) can be taken as a sanction;

23.) The defendants have also frozen McGuinness's canteen account, so he cannot buy a radio, stamps, cosmetics, stationary, etc.

24.) Lois Russo refuses to mail out McGuinness's

legal mail unless it is going to a "court official".

25) In a letter to McGuinness, Russo told him to choose -- since he will get only three (3) free stamps per week -- to write to a lawyer with one of them.

26) McGuinness, who was a pro-se defendant at the time of the above described letter, was trying to mail his case material out to prospective attorneys.

27) The freeze on McGuinness's account is a disciplinary sanction from his previous sentence.

28) McGuinness has been placed on 180 days loss of visits and phone calls.

29) McGuinness has been barred/prohibited from using the SMU satellite library.

30) McGuinness has been trying to listen to and transcribe a police "turret tape" from his

—8—

case since December of 2004.

31.) McGuinness is trying to gather his few resources this tax season to make bail, but he is denied use of the phone.

32.) McGuinness's conditions of pre-trial confinement are punitive to a superlative degree.

### CLAIMS FOR RELIEF

33.) The foregoing is incorporated herein by reference.

### COUNT ONE

34.) Walpole is "infamous punishment". See Brown, supra at 91-94. Ergo, to hold a pre-trial detainee at Walpole constitutes punishment without due process. U.S.C.A. XIV.

35.) SBCC, like Walpole, is a maximum security prison which houses the state's most dangerous criminals. Brown, supra at 94 ( hence it retains the character of "infamy"). The defendants just began to house "52As" there in 2003. Prior to

this shift in policy, the defendants have set up no guidelines for distinguishing between the rights of pre-trial detainees and those of convicted felons, thereby subjecting McGuinness to punishment w/out due process of law.

36.) The defendants have violated Article 12 of the Massachusetts Declaration of Rights by subjecting McGuinness to infamous punishment without trial by jury -- and that state law confers upon McGuinness a cognizable liberty interest via U.S.C.A. XIV.

37) Pre-trial detainees are entitled to a slightly greater level of protection of their due process rights than are convicted inmates. See, e.g., Bell v. Wolfish, 441 U.S. 520, 535 (1979). In determining whether pre-trial conditions violate due process, "the proper inquiry is whether those conditions amount to punishment of the detainee." Id. As such, McGuinness asserts that his four (4) months in SBCC's SMU "pending investigation" have violated his right to due process. U.S.C.A. XIV.

38.) SMU conditions represent punishment without due

process of law insofar as children are not allowed to visit.

39.) The "freeze" on McGuinness's canteen account is a disciplinary sanction from a past sentence. The defendants, in imposing it on him pre-trial, have violated his due process rights.

40.) Imposing "loss of phone" on pre-trial detainees violates their fundamental right to bail under state and federal law.

COUNT TWO:

41.) McGuinness asserts and alleges that the sum total of his conditions of confinement have worked to deprive him of his Sixth Amendment right of access to the courts and to counsel.

## RELIEF REQUESTED:

A.) McGuinness asks for monetary damages in the amount of $5,000 for each visit he has with his fiance and daughter (i.e. $5,000 total);

B.) McGuinness asks for compensatory and punitive damages for being held in maximum security prisons awaiting trial -- in an amount to add up to $35,000;

C.) For denial of adequate access to a law library, or his lawyer, or to the courts, McGuinness asks for compensatory and punitive damages for any harm he can show to his case;

D.) McGuinness seeks a <u>declaration</u> of his rights as an accused criminal defendant -- i.e. as a pre-trial detainee -- and an <u>order</u> removing him from maximum security.

E.) Any relief appropriate to the facts found should be afforded.

DATE: 2/14/05

/S/ Brendan McA___

Brendan M. McGuinness

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
Brendan McGuinness

### DEFENDANTS
P2: Kathleen M. Dennehy

(b) County of Residence of First Listed Plaintiff  Norfolk
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  Suffolk
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)  05-10426 REK

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / Habeas Corpus: |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land |  ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☒ 550 Civil Rights |  |  |  |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition |  |  |  |
|  | ☐ 440 Other Civil Rights |  |  |  |

### V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. § 1983
Brief description of cause: Pre-trial detainee, Punitive Conditions of Confinement

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 50,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

### VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____  DOCKET NUMBER _____

DATE 2/14/05

SIGNATURE OF ATTORNEY OF RECORD  Brendan M. McG[uinness]

FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) _McGuinness v. Commissioner of Correction_

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___ I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   _X_ II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.    *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

   ___ III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

   ___ IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

   ___ V.    150, 152, 153.

   05-10426 REK

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.
   _N/A_

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
   YES    **NO**

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)
   YES    **NO**

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
   YES    NO

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?
   YES    **NO**

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).
   **YES**    NO

   A.    IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?
         **EASTERN DIVISION**    CENTRAL DIVISION    WESTERN DIVISION

   B.    IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?
         EASTERN DIVISION    CENTRAL DIVISION    WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME _Brendan McGuinness_
ADDRESS _Box 8000_
TELEPHONE NO. _Shirley, MA 01464_

(Cover sheet local.wpd - 11/27/00)