```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS

BRENDAN M. McGUINNESS,           )
                                 )
          Plaintiff,             )
                                 )   C.A. 05-10426-REK
     v.                          )
                                 )
KATHLEEN M. DENNEHY, et al.,     )
                                 )
          Defendants.            )
```

MEMORANDUM AND ORDER

By Order of May 31, 2005, plaintiff's Application to Proceed Without Prepayment of Fees was granted and summonses issued for service. A copy of the Order and summonses were mailed to plaintiff, who was incarcerated at the Souza Baranowski Correctional Center. On or about June 20, 2005, the Order and summonses were returned by the postal service marked "return to sender" and "not here."

In an effort to confirm plaintiff's current address, a clerk of this Court contacted the Records Department for the Souza Baranowski Correctional Center and was informed that plaintiff was transferred to the Billerica House of Correction in March 2005. The clerk subsequently called the Billerica House of Correction and was informed that on March 25, 2005, Mr. McGuinness was brought to a "Norfolk bailment" from which he did not return. A call to the Norfolk County Sheriff's Department revealed that Mr. McGuinness is not currently in their custody.

Plaintiff was apparently released from both the Souza

Baranowski Correctional Center and the Billerica House of Correction and he has failed to inform the Court of his new address as required under this Court's local rules.  See District of Massachusetts Local Rule 83.5.2(e).  Local Rule 83.5.2(e) requires a party appearing pro se to notify the clerk of any change of address and provides that any party appearing pro se that has not filed an appearance or provided a current address "shall not be entitled to notice."

Under Federal Rule of Civil Procedure 41(b), a court may dismiss a claim "for failure of the plaintiff to prosecute or to comply with these rules or any order of the court."  See Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962).  The fact that plaintiff has not kept the Court advised of his current address suggests that he may have lost interest in pursuing the claims asserted in his complaint.  The Court is not required to delay disposition in this case until such time as plaintiff decides to comply with the requirement of providing his current address.

Accordingly, this action is subject to dismissal for want of prosecution pursuant to Rule 41(b).

### ORDER

Based upon the foregoing, it is hereby ORDERED that this action is dismissed without prejudice for want of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. A copy of this Order will be mailed to plaintiff at the address

shown on the docket sheet and on his pleadings.

SO ORDERED.

Dated at Boston, Massachusetts, this 28th day of June, 2005.

                              <u>/s/ ROBERT E. KEETON</u>
                              ROBERT E. KEETON
                              UNITED STATES SENIOR DISTRICT JUDGE